# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**Ivey Lamont Johnson**                                                          **Plaintiff**

### No. 3:13-CV-265-JTR

**Carolyn W. Colvin, Acting Commissioner,**                            **Defendant**
**Social Security Administration**

### MEMORANDUM AND ORDER AFFIRMING THE COMMISSIONER

Ivey Lamont Johnson seeks judicial review of the denial of his second application for supplemental security income (SSI).[1] After the first application was denied, Johnson was struck by motor vehicle while he was operating a motorcycle.[2] Johnson sustained multiple fractures to his left arm and pelvis. His left hip was dislocated. He sustained a neck injury that required a stent. Johnson bases disability on those injuries, depression, and a history of hand cramps from boxing.[3]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Johnson has severe impairments — history of motor vehicle accident with multiple fractures, open reduction and internal fixation

---

[1] SSA record at p. 136 (applying for SSI on Jan. 26, 2011 and alleging disability beginning Oct. 7, 2010, the date of a motorcycle accident). *See id.* at p. 79 (unfavorable decision denying application filed on Oct. 17, 2008, which alleged disability beginning Aug. 28, 2008).

[2] *Id.* at p. 151 (accident report).

[3] *Id.* at p. 157.

procedures, and complaints of residual pain; and history of right internal carotid artery dissection with pseudo aneurysm and stent placement[4] — but he can do sedentary work that doesn't involve repetitive fingering or handling.[5] Because a vocational expert identified available sedentary work,[6] the ALJ concluded that Johnson is not disabled under the Social Security Act and denied the application.[7]

After the Commissioner's Appeals Council denied a request for review,[8] the decision became a final decision for judicial review.[9] Johnson filed this case to challenge the decision.[10] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[11]

---

[4]*Id.* at p. 14.

[5]*Id.* at p. 16.

[6]*Id.* at pp. 61-62.

[7]*Id.* at p. 21.

[8]*Id*. at p. 1.

[9]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[10]Docket entry # 1.

[11]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an

**Johnson's allegations of error**. Johnson challenges the determination that he can do some sedentary work. He contends the ALJ should have identified depression as a severe impairment. He challenges the ALJ's evaluation of his credibility. He insists residual pain prevents him from doing sedentary work. He says the ALJ should have ordered a consultative orthopedic examination. For these reasons, he maintains substantial evidence does not support the decision.[12]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Johnson can do some sedentary work.[13] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[14] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical

---

applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[12]Docket entry # 11.

[13]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[14]20 C.F.R. § 416.967(a).

impairments have very serious functional limitations."[15] The ALJ reduced sedentary work by eliminating work that requires repetitive fingering and handling. The court must determine whether a reasonable mind would accept the evidence as adequate to show Johnson can work with these limitations.

**Johnson sustained serious injuries in the motorcycle accident,[16] but the medical evidence shows no very serious functional limitation preventing sedentary work**. Johnson's fractures healed, but he likely experiences residual pain. Pain may be disabling if it prevents a person from doing any form of substantial gainful activity, but "the mere fact that working may cause pain or discomfort does not mandate a finding of disability."[17]

Medical experts projected that pain would limit Johnson to sedentary work.[18] The ALJ agreed, but reduced sedentary work based on Johnson's complaints of hand cramps, something Johnson attributed to a history of boxing and a remote thumb

---

[15]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[16]SSA record at p. 280 (stent placement) & p. 300 (orthopedic injuries and procedures).

[17]*Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

[18]SSA record at pp. 435 & 481.

injury.[19] The ALJ required work that does not require repetitive fingering or handling. A vocational expert identified available work.[20] The vocational expert's answer shows work exists that Johnson can do regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[21]

**Depression doesn't prevent Johnson from working because it is controlled with treatment**. A person who sustains serious injuries likely suffers from depression, but depression can be treated. "An impairment which can be controlled by treatment or medication is not considered disabling."[22] Johnson's primary care provider (PCP) prescribed the night-time use of an antidepressant used for treating insomnia.[23] Johnson complained about difficulty sleeping; he tossed and turned trying to get comfortable.[24] If Johnson's depression was disabling, he would need

---

[19]*Id.* at pp. 34-35.

[20]*Id.* at pp. 61-62 (identifying document preparer, charge account clerk, dispatcher maintenance, telephone order dispatcher, and surveillance system monitor as representative work).

[21]42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security law).

[22]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[23]SSA record at pp. 233, 478, 480 & 596.

[24]*Id.* at p. 593.

individual therapy, but the PCP recommended no individual therapy.

Six months after the accident, the psychological examiner thought Johnson would have difficulty completing work-like tasks within an acceptable time frame, but she also believed Johnson had the capacity to cope with the mental/cognitive demands of works and to sustain concentration on basic tasks.[25] The examiner questioned whether Johnson exaggerated his limitations, because he left the examination by driving, after stating he can do nothing.[26] This inconsistency weighs against Johnson's credibility.[27]

Even if depression serves as a severe impairment, no harm occurred because the ALJ considered the evidence about depression.[28] However, the ALJ determined that depression poses no more than a minimal effect on Johnson's ability to work. Johnson didn't mention depression when asked about the impairments that prevent him from working.

**No need existed for an orthopedic examination because the record**

---

[25]*Id.* at p. 455.

[26]*Id.*

[27]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) ("The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole."); *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011) ("The ALJ may discredit a claimant based on inconsistencies in the evidence.").

[28]SSA record at pp. 15 & 20.

**contained orthopedic examinations and diagnostic imaging**. At the conclusion of the hearing, Johnson asked for an orthopedic examination, but an "ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled."[29] At his last orthopedic exam, diagnostic imaging showed good-positioned fixation hardware, well-aligned fractures, and stable bony fragments. Although asked to return in four weeks, Johnson did not return.[30]  Failing to return weighs against Johnson's credibility.  Under these circumstances, the ALJ did not err.

**Conclusion**.  Substantial evidence supports the ALJ's decision because the evidence shows no very serious functional limitation preventing sedentary work.  A reasonable mind would accept the evidence as adequate to support the decision.  The ALJ made no legal error.  For these reasons, the court DENIES Johnson's request for relief (docket entry # 2) and AFFIRMS the Commissioner's decision.

It is so ordered this 12th day of January, 2015.

_____
United States Magistrate Judge

---

[29] *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

[30] SSA record at pp. 239 & 383-84.